STEPHEN J. SIMONI (Bar No. 284558)
 StephenSimoniLAW@Gmail.com
**SIMONI CONSUMER CLASS ACTION**
     **LAW OFFICES**
100 South Doheny Drive, Suite 1101
Beverly Hills, CA 90048-2998
Telephone:  (917) 621-5795

*Attorney for Individual and Representative*
*Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| STEPHEN SIMONI, Individually and on behalf of all others similarly situated, | No. 5:14-cv-00573 (   ) |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | **DEMAND FOR JURY TRIAL** |
| vs. | |
| AMERICAN MEDIA, INC. and DOES 1 THROUGH 10, inclusive, | |
| Defendants. | |

　　　　Defendant American Media, Inc. is exploiting an international tragedy for financial gain and shamelessly lying to family members of missing loved ones worldwide by currently proclaiming on the front cover of its self-proclaimed "hard news, investigative" publication that Company's "investigation" has "SOLVED!" the "mystery of [Malaysian Airlines] Flight 370"

**CLASS ACTION COMPLAINT; JURY TRIAL DEMAND,** No. 5:14-cv-00573 (   )    1

1  and its 239 occupants in the March 31, 2014 edition that went on
2  sale on March 20, 2014 (**attached as Exhibit A**).
3          At a time when all forms of media remain saturated
4  with reporting on official search-and-rescue missions,
5  commentary, analysis, speculation, research, and even psychic
6  inquiry in an effort to conclusively determine what happened to
7  Flight 370 and its occupants, it is solely the Company that is
8  inducing Consumers to purchase its publication only to have them
9  discover that the publication in fact contains no news
10 information that definitively explains what has happened to the
11 missing flight and the 239 people on-board.
12         Aware of the intense interest of the public in
13 ascertaining the fate of Flight 370 and the impact its front
14 cover statement would have on Consumers making "impulse"
15 purchases at retail check-out stands, Company increased the
16 price of its weekly publication ***by more than 20%*** and ordered a
17 much larger number of printed publications for distribution to
18 retail establishments in order to maximize its ill-gotten
19 revenue.
20         Company's actions disrespect the memory of the
21 missing, improperly divert attention from veritable
22 investigations, and interfere with the ability of other media to
23 disseminate truthful news information regarding the still-
24 unexplained disappearance of Flight 370.  Company nonetheless
25 continues to crow that it is a "***hard news, investigative***"
26 publication that remains unafraid to publish the truth that
27 other media outlets purportedly will not.  Company claims that
   it was entitled to a Pulitzer Prize for successfully exposing

Presidential candidate John Edwards' infidelities and that its news stories continue to be true.

As reprehensible as Company's actions are while the actual fate of Flight 370 remains an unsolved mystery, they simply constitute business-as-usual for the Company that just last month published false statements regarding the events surrounding the death of actor Philip Seymour Hoffman.

Plaintiff Stephen Simoni (**"Plaintiff"** or **"Consumer"**), individually and on behalf of the Class (**"Consumers"**) defined below, brings this action for damages, restitution, and injunctive and declaratory relief under rights created pursuant to state law pursuant to diversity jurisdiction under 28 U.S.C. section 1332(d) ("Diversity" Jurisdiction) and related claims that form part of the same case or controversy under 28 U.S.C. section 1367(a) ("Supplemental" Jurisdiction) against Defendants First American Media, Inc. (**"American Media"** or **"Company"**) and Does 1 through 10, inclusive (Company and Does, collectively, **"Defendants"**), demanding a trial by jury, and complains and alleges as follows:

**INTRODUCTION**

1.   Defendants American Media, Inc. (**"Company"**) is a corporation incorporated in Delaware with principal offices in the State of Florida that markets and sells news information via printed and electronic publications that include, *inter alia*, "National Enquirer."

2.   Plaintiff brings this action to challenge, *inter alia*, the Company's deliberate fraudulent, tortious, misleading, and unfair business practices in its marketing and sale of news

information by which it reaps millions of dollars in ill-gotten profits from millions of Consumers nationwide who are misled into purchasing Company's publications of news information as a result of knowingly false statements on the publications' front cover. Company's knowingly false statements are a key component of the Company's marketing strategy and sales and contribute substantially to Company's gross revenues and net income at the expense of Consumers who suffer the damages of Company's knowingly false statements. As detailed below, Plaintiff and the Class have suffered actual and monetary injury as a result of Company's wrongful practices and Company has been unjustly enriched by these practices.

3. All of the claims asserted herein arise out of Company's knowingly false and unfair marketing and sales of news information and are a common fact pattern as to each member of the Class defined below. Company fraudulently induces Consumers to purchase its publications by making knowingly false statements on its publications' front cover regarding the news information that the publication actually contains.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1332(d). This is a proposed class action involving more than one hundred (100) class members, at least one member of the putative class is a citizen of a state different from Defendants, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

5. This Court has personal jurisdiction over Defendants pursuant to California Code of Civil Procedure § 410.10 because they do business in California, they have committed acts or omissions in California, and/or they have caused effects in California with respect to one or more causes of action arising from these acts, omissions, and/or effect.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(a) and (c) in that Company regularly conducts business in this judicial district and/or a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

7. Plaintiff Stephen Simoni ("Plaintiff") is a individual who purchased Company's March 31, 2014 edition of its "National Enquirer" publication ("**March 31 Edition**").

8. Plaintiff purchased the March 31 Edition due to Defendants' knowingly false statement, which made him believe that the publication contained news information that explained how the "mystery of [Malaysian Airlines] Flight 370" had been "SOLVED!" Plaintiff thereby sustained actual and monetary damages as more fully set forth below.

9. Defendant American Media, Inc. ("**American Media**" or "**Company**") is incorporated in Delaware and maintains principal offices in Florida.

10. Except as described herein, Plaintiff is ignorant of the true names of defendants sued as Does 1 through 10, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names.

Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

11. At all times herein mentioned, Company and the Doe Defendants (collectively, **"Defendants"**), and each of them, were an agent or joint venturer of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

12. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

13. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

**FACTUAL ALLEGATIONS**

14. Company freely acknowledges that "[p]ublishing is a highly competitive business" and that Company "compete[s] . . .

with other publications sold at retailers' checkout counters . . . [and] believe[s] that historical **declines in single copy circulation** have resulted, in part, from **increased competition** from publications and other forms of media." Company Form 10-K, June 24, 2013 (emphases added).

15.   Significantly, Company recognizes that **"[c]ompetition for circulation is largely based upon the content of the publication . . . ."** Id. (emphasis added).

16.   Company further notes that its publications compete with other news information sources, including "other mass media [and] websites." Id.

17.   While Company notes that certain of its publications contain "gossip," it maintains that its "National Enquirer" is a **"hard news, investigative"** publication. Id. (emphasis added).

18.   Company increases its revenues with its fraudulent marketing by falsely informing Consumers on the front cover of its publications that referenced news information is contained within the publication, which causes Consumers to purchase the publication that they otherwise would not have purchased.

## CLASS ACTION ALLEGATIONS

19.   Plaintiff brings this action on behalf of himself and all persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of each of those provisions.  The Class is defined as follows:

> All individuals who purchased Company's
> March 31, 2014 Edition of the "National

1 Enquirer" that indicated on its front cover
2 that it contained news information
3 explaining how the "mystery of [Malaysian
4 Airlines] Flight 370" had been "SOLVED!"
5 Excluded from the Class are: (1) employees
6 of the Defendants, including their officers
7 or directors; (2) Defendants' affiliates,
8 subsidiaries, or co-conspirators; and
9 (3) the Court to which this case is
10 assigned.

20. The Claims herein have been brought and may properly be maintained as a class action because there is a well-defined community of interest among Class members with respect to the claims asserted herein and the proposed Class is ascertainable:

a. <u>Numerosity</u>: On information and belief, **hundreds of thousands** of Consumers purchased the March 31, 2014 Edition of the "National Enquirer." Thus, although the number of Class members is currently indeterminate, it is sufficiently large to satisfy the numerosity requirement.

b. <u>Existence and predominance of common questions</u>: Common questions of law and/or fact exist as to the members of the Class and, in addition, common questions of law and/or fact predominate over questions affecting only individual members of the Class. The common questions include the following:

    a. What statements were made by Company in marketing the March 31, 2014 Edition of the "National Enquirer"?

    b. Were Company's statements likely to deceive?

**CLASS ACTION COMPLAINT; JURY TRIAL DEMAND**, No. 5:14-cv-00573 (   )    8

      c.  Whether the reasonable recipient of Company's statements would have expected that the March 31, 2014 Edition of the "National Enquirer" contained news information that definitively explained what happened to Flight 370 and its 239 occupants?

      d.  Was Company unjustly enriched by the challenged practices?

      e.  Did Company's practices violate the California Consumer Legal Remedies Act?

      f.  Did Company's practices violate the California False Advertising Law?

      g.  Did Company's practices violate the California Unfair Competition Law?

      h.  Did Plaintiff and the Class members sustain damages, and, if so, what is the proper measure of such damages? and

      i.  Are Plaintiff and the Class Members entitled to the injunctive and equitable relief requested herein?

c.  <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class. Plaintiff purchased the March 31, 2014 Edition of the "National Enquirer," which did not contain the news information that was promised by its front cover statement. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d.  <u>Adequacy</u>:  Plaintiff is an adequate representative of the Class at this time. His interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff has retained counsel competent and experienced in

class action litigation and Plaintiff intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of Class members.

  e. <u>Superiority of Class Action</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable. The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

21. In the alternative, the Class may be certified because:

  a. The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant; and

  b. Defendant has acted and/or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to members of the Class as a whole.

22. The claims of the representative plaintiff are typical of the claims of the Class. There are no material conflicts with any other member of the Class that would make

class certification inappropriate. Plaintiff and counsel will fairly and adequately represent the interests of the Class.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts if individual litigation of numerous cases would proceed. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Complaint, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

24. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.

25. Injunctive relief is appropriate as to the Class as a whole because defendants have acted or refused to act on grounds generally applicable to the Class.

26. Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including, but not limited to, providing Class members with a method for the redress of claims that may otherwise not warrant individual litigation.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

(Violations of the California Consumers Legal Remedies Act)

27. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

28. The Consumer Legal Remedies Act ("CLRA") at Civil Code Section 1750 *et seq.* was designed and enacted to protect consumers from unfair and deceptive business practices.

29. The CLRA applies to Defendants' actions and conduct described herein because it extends to the sale of products and services (i.e., news publications) for personal, family or household use.

30. At all relevant times, Plaintiff and members of the Class were "consumers" as that term is defined in Civil Code Section 1761(d).

31. The transactions from which this action arises include transactions involving the sale of services for personal, family or household purposes within the meaning of Civil Code Section 1761.

32. Defendants' practices in connection with its marketing violate Civil Code Section 1770 (a)(14) in that Defendants knowingly misrepresented the news information contained in the March 31, 2014 Edition of the "National Enquirer."

33. Defendants' violations of Civil Code 1770 present a continuing threat to members of the public in that Defendants have a demonstrated recent history of such conduct and will continue to engage in the conduct alleged herein and will not cease until an injunction is issued by this Court.

34. Plaintiff and Class are entitled to an award of attorneys' fees and costs pursuant to Civil Code Section 1780(d).

## SECOND CAUSE OF ACTION

(Violations of the California False Advertising Law)

35. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

36. Company's use of various forms of advertising media in its marketing of the March 31, 2014 Edition of the "National Enquirer" constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, under the California False Advertising Law at Business & Professions Code Section 17500 *et seq*. These advertisements and practices have deceived, and are likely to deceive, the consuming public, in violation of those sections.

37. Defendants' business acts and practices, as alleged herein, have caused actual injury to Plaintiff and members of the Class.

38. Plaintiff and the Class are entitled to injunctive relief, enjoining defendants to cease and desist from engaging in the practices described herein and to remove the March 31, 2014 Edition of the "National Enquirer" from the channels of retail sale.

## THIRD CAUSE OF ACTION

(Violations of the California Unfair Competition Law)

39. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

40. Defendants have engaged in unfair competition within the meaning of the California Unfair Competition Law at Business

& Professions Code Section 17200 *et seq.* because defendants' conduct is misleading, unfair, and illegal as herein alleged.

41. Defendants' wrongful business acts constituted, and constitute, a continuing course of conduct of unfair competition because defendants are marketing and selling purported news information in a manner likely to deceive the public, and Plaintiff and members of the Class suffered actual harm as a result.

42. Defendants' business practices are unlawful because the conduct constitutes false marketing and advertising, as well as the other causes of action herein alleged.

43. The practices are unfair because they were likely to deceive consumers into believing that the March 31, 2014 Edition of the "National Enquirer" contains news information that it, in fact, does not contain. Defendants' statements therefore cause consumers to spend money, which must be paid in order to obtain the purported news information that, in fact, is not contained in the publication.

44. Defendants' practices are injurious to competition because Company is undermining competitors who adhere to honest and full solicitation practices in dissemination of "hard news" on matters of vital public interest.

45. Plaintiff has standing to pursue the claims because he has been injured by virtue of suffering a loss of money as a result of the wrongful conduct alleged herein.

46. Plaintiff and the Class are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits that may have been obtained by Defendants as a result of such business acts or

practices, and enjoining Defendants to cease and desist from engaging in the practices described herein and to remove the March 31, 2014 Edition of the "National Enquirer" from the channels of retail sale.

## FOURTH CAUSE OF ACTION

(Unjust Enrichment)

47. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

48. As a direct and proximate result of Defendants' misleading and unfair business practices, Defendants have been unjustly enriched by the increased revenue and profit derived from selling the March 31, 2014 Edition of the "National Enquirer."

## FIFTH CAUSE OF ACTION

(Fraud)

49. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

50. As a direct and proximate result of Defendants' knowingly false statements that the March 31, 2014 Edition of the "National Enquirer" contains hard news information that it, in fact, does not contain, Company causes Plaintiff and the Class to purchase the publication they would not have otherwise purchased.

## SIXTH CAUSE OF ACTION

(Breach of Contract)

51. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

52. Company promises purchasers of the March 31, 2014 Edition of the "National Enquirer" contains news information that it, in fact, does not contain.

53. Consumers purchase the publication and then discover that the publication does not contain the hard news information that was promised.

54. As a direct and proximate result of Defendants' denials of claims, Plaintiff and Class are harmed by being denied the hard news information for which they paid and contracted.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

### PRAYER FOR RELIEF

1. Certification of the proposed Class and notice and claims administration to be paid by Defendants;

2. Compensatory, general, consequential, and incidental damages according to proof and/or as presumed by statute;

3. Special damages according to proof;

4. Punitive damages to punish Company for its willful tortious conduct and to deter others who may otherwise engage in similar willful tortious conduct;

5. Restitution and disgorgement of the increased revenue and profit derived from selling the March 31, 2014 Edition of the "National Enquirer;"

6. Injunctive relief against Defendants, and each of them, to prevent future wrongful conduct;

7. Injunctive relief against Defendants, and each of them, requiring them to remove the March 31, 2014 Edition of the "National Enquirer" from the channels of retail sale;

1  8.   Treble damages for deliberate tortious activity;
2  9.   Prejudgment at the maximum legal rate;
3  10.  Costs of the proceedings herein;
4  11.  Statutory damages;
5  12.  Reasonable attorneys' fees; and
6  13.  All such other and further relief as the Court deems just.

Dated: March 22, 2014          Respectfully submitted,

                               By: ___/s/_____

                               STEPHEN J. SIMONI (Bar No. 284558)
                                   StephenSimoniLAW@Gmail.com
                               **SIMONI CONSUMER CLASS ACTION
                                   LAW OFFICES**
                               100 South Doheny Drive, Suite 1101
                               Beverly Hills, CA 90048-2998
                               Telephone: (917) 621-5795

                               *Attorney for Plaintiff and the
                                   Proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiff on behalf of himself and all others similarly situated hereby requests a jury trial on all claims so triable.

Dated: March 22, 2014          Respectfully submitted,

                               By: ___/s/_____

                               STEPHEN J. SIMONI (Bar No. 284558)
                                   StephenSimoniLAW@Gmail.com
                               **SIMONI CONSUMER CLASS ACTION
                                   LAW OFFICES**
                               100 South Doheny Drive, Suite 1101
                               Beverly Hills, CA 90048-2998
                               Telephone: (917) 621-5795

                               *Attorney for Plaintiff and the
                                   Proposed Class*

# EXHIBIT A



A 18